| | |
|---|---|
| Randall E. Kay (SBN 149369)<br>  rekay@jonesday.com<br>JONES DAY<br>4655 Executive Drive, Suite 1500<br>San Diego, CA  92121<br>Telephone: +1.858.314.1200<br><br>Andrea W. Jeffries (SBN 183408)<br>  ajeffries@jonesday.com<br>JONES DAY<br>555 South Flower Street, Fiftieth Floor<br>Los Angeles, CA  90071<br>Telephone: +1.213.489.3939<br><br>Sarah A. Geers (Admitted *Pro Hac Vice*)<br>  sgeers@jonesday.com<br>JONES DAY<br>250 Vesey Street<br>New York, NY  10281<br>Telephone: +1.212.326.3936<br><br>***Attorneys for Plaintiff***<br>***Agensys, Inc.*** | Carolyn S. Toto (SBN 233825)<br>  carolyn.toto@pillsburylaw.com<br>Pillsbury Winthrop Shaw Pittman LLP<br>725 South Figueroa Street, 36th Floor<br>Los Angeles, CA  90017<br>Telephone:     213.488.7100<br><br>David J. Tsai (SBN 244479)<br>  david.tsai@pillsburylaw.com<br>Alekzandir Morton (SBN 319241)<br>  alekzandir.morton@pillsburylaw.com<br>John Steger (SBN 341299)<br>  john.steger@pillsburylaw.com<br>Pillsbury Winthrop Shaw Pittman LLP<br>Four Embarcadero Center, 22nd Floor<br>San Francisco, CA  94111-5998<br>Telephone:     415.983.1000<br><br>***Attorneys for Defendants***<br>***The Regents Of The University Of California and Hans David Ulmert***<br><br>Juan C. Castañeda<br>  juan@ch-llp.com<br>Castañeda + Heidelman LLP<br>125 S. Highway 101, Suite 1021<br>Solana Beach, CA  92075<br>Telephone: 858-431-9205<br><br>***Attorneys for Defendant***<br>***Norbert Peekhaus*** |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AGENSYS, INC.,<br><br>              Plaintiff,<br><br>     vs.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a California entity; NORBERT PEEKHAUS, an individual; | Case No. 2:24-cv-03961-JFW (PDx)<br><br>**JOINT STATEMENT PURSUANT TO STANDING ORDER ¶5(b) RE LOCAL RULE 7-3 PRE-FILING CONFERENCE**<br><br>Honorable John F. Walter |

1  HANS DAVID ULMERT, an individual;
2  and Does 1-10,
3              Defendants.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# JOINT STATEMENT

Pursuant to Local Rule 7-3 and this Court's Standing Order, Paragraph 5(b), counsel for Plaintiff Agensys, Inc. ("Agensys" or "Plaintiff"), counsel for Defendants The Regents of the University of California (the "Regents") and Dr. Hans David Ulmert ("Dr. Ulmert"), and counsel for Defendant Norbert Peekhaus ("Dr. Peekhaus") engaged in a pre-filing conference wherein they discussed thoroughly the substance of Defendants' contemplated motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), as set forth in greater detail below.  The parties respectfully submit this Joint Statement reporting on their pre-filing conference.

1. The pre-filing conference was held over two days—June 21, 2024 and June 27, 2024, and supplemented by multiple email exchanges between counsel.

2. Each of the two sessions of the conference lasted approximately thirty (30) minutes for a total of approximately sixty (60) minutes.

3. The conference was conducted via Teams videoconference because Plaintiff's counsel and Dr. Peekhaus's counsel are located in San Diego County and the Regents' and Dr. Ulmert's counsel are located in San Francisco, California.

4. The participants in both sessions of the conference were:

For Plaintiff:  Lead counsel Randall Kay, Andrea Jeffries, and Sarah Geers.

For the Regents and Dr. Ulmert:  Lead counsel David Tsai and Alekzandir Morton.  In addition, Natalie Truong participated in the June 27, 2024 conference.

For Dr. Peekhaus: Lead counsel Juan Castañeda and Rob Dunikoski.

5. The parties discussed each of the arguments Defendants intend to raise in support of their motions to dismiss and Plaintiff's responses to those arguments.  No issues were resolved; Defendants will raise each of the arguments as originally set forth in the pre-filing conference, but they have also expressly reserved the right to raise any additional appropriate arguments in support of their respective motions.

6. Those arguments are as follows:

**(1)  Sovereign Immunity (Fed. R. Civ. P. 12(b)(1)).**

Defendants Regents and Drs. Ulmert and Peekhaus contended during the pre-filing conference that the DTSA claim must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction under the doctrine of state sovereign immunity.  *See Fast Enters., LLC v. Pollack*, No. 16- CV-12149-ADB, 2018 WL 4539685, at *2 (D. Mass. Sept. 21, 2018); *MedSense, LLC v. Univ. Sys. of Maryland*, 420 F. Supp. 3d 382, 392 (D. Md. 2019); *Evans v. Presidio Tr.*, No. 19-CV-08025-HSG, 2020 WL 6802422, at *3 (N.D. Cal. Nov. 19, 2020).  Dr. Peekhaus also contended that the DTSA did not constitute a valid congressional waiver of sovereign immunity because the statute was enacted pursuant to Congress's Article I powers and not its power to enforce the Fourteenth Amendment to the U.S. Constitution.  *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 72–73 (1996) (Rehnquist, C.J.) (overruling Justice Brennan's plurality opinion in *Pennsylvania v. Union Gas Co.*, 491 U.S. 1 (1989)).

Defendant Regents also contended during the pre-filing conference that the DJA claim against the Regents is subject to dismissal under state sovereign immunity.  *See Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 847 (9th Cir. 2002).  Further, the declaration that Agensys seeks is that it is entitled to "sole or joint legal and equitable ownership" of certain patent rights.  Compl., ¶ 98.  Defendants Regents and Dr. Ulmert contend that this is, in essence, requesting a reassignment of the patent application or correction of inventorship of the patent.   According to Defendants Regents and Dr. Ulmert, the Federal Circuit has affirmed dismissals of similar suits based on sovereign immunity.  *See, e.g.*, *Xechem Int'l, Inc. v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 382 F.3d 1324, 1332 (Fed. Cir. 2004).

In response, Plaintiff Agensys disputed that its claims against any of the Defendants is barred by the doctrine of sovereign immunity.  During the pre-filing conference, Agensys explained that 18 U.S.C. § 1833(a)(1) authorizes a DTSA claim against the State for unlawful activity such as the misappropriation alleged in Agensys' complaint.  Congress amended Section 1833 when it enacted the DTSA.  The text of 18

1  U.S.C. § 1833(a)(1) already existed pre-DTSA as part of the Economic Espionage
2  Act.  Congress' enactment of the DTSA expressly considered actions against the State
3  and only exempted actions over "otherwise lawful activity" such as a response to a
4  public records law request (*Fast Enterprises v. Pollack*, 2018 WL 4539685 (D. Mass.
5  Sept. 21, 2018)) or conduct during execution of a search warrant (*Naicom Corp. v. DISH
6  Network Corp.*, 2024 WL 1363781 (D. Puerto Rico Mar. 29, 2024)).  Far from
7  exempting States from civil actions pursuing the remedies Congress provided for the
8  theft of trade secrets, the language of 18 U.S.C. § 1833(a)(1) provides a clear statement
9  that Congress intended to prohibit States from engaging in unlawful activity in violation
10 of the DTSA, abrogating sovereign immunity from suit for misappropriation.  No
11 appellate court has held to the contrary.
12        No resolution of this issue was reached.
13        Plaintiff Agensys also stated during the pre-filing conference that it is considering
14 amending the complaint to add allegations under *Ex Parte Young*.  Agensys solicited
15 Defendants' views on such an amendment.  Agensys identified seven (7) officers of the
16 Regents for purposes of its contemplated amendment, and inquired as to whether the
17 Regents would argue that any of the identified officers would be improper or incorrect
18 to name in their official capacity.  Defendant Regents stated that it believed some of the
19 individuals may be incorrect.  Defendant Regents further requested that Agensys clarify
20 the injunctive relief it anticipated seeking under *Ex Parte Young*; to the extent it
21 included a mandatory injunction requiring any appropriately named official to transfer
22 ownership of any patents to Agensys, then such an injunction is not available under the
23 DTSA because it is not an injunction to "protect" any trade secrets.  Dr. Peekhaus
24 contended that Plaintiff has no basis for an *Ex Parte Young* claim against him because
25 he is no longer employed by the university, and therefore he is not a person "who would
26 be responsible for implementing any injunctive relief."  *R.W. v. Columbia Basin Coll.*,
27 77 F.4th 1215 (9th Cir. 2023).  Defendants reserve the right to further present this and
28 other arguments should Agensys improperly add *Ex Parte Young* allegations.

**(2) Qualified Immunity As to Dr. Ulmert and Dr. Peekhaus (Fed. R. Civ. P. 12(b)(1)).**

Defendants Drs. Ulmert and Peekhaus contended during the pre-filing conference that Agensys cannot bring a DTSA claim against Drs. Ulmert and Peekhaus where Agensys fails to allege that Drs. Ulmert and Peekhaus violated clearly established statutory or constitutional rights. *See Association for Info. Media and Equip. v. Regents of the Univ. of California*, 2012 WL 7683452 (C.D. Cal. Nov. 20, 2012) (applying qualified immunity in a copyright case). Here, Drs. Ulmert and Peekhaus stated that Agensys makes only conclusory allegations against them that merely recite the elements of a misappropriation claim; it provides no specific factual allegations showing any violation of the DTSA by Dr. Ulmert or Dr. Peekhaus. *See, e.g.*, Compl. ¶ 83. Defendants stated that Courts have held that these types of conclusory allegations were insufficient to establish a violation of "clearly established statutory or constitutional rights." *See, e.g.*, *Argueta v. U.S. Immigr. & Customs Enf't*, 643 F.3d 60, 74, 77 (3d Cir. 2011). Drs. Ulmert and Peekhaus further stated that the Complaint fails to sufficiently allege any purported violation of the DTSA outside of the scope of their employment with UCLA.

During the pre-filing conference, Agensys disputed Defendants' arguments and contended that neither Dr. Ulmert nor Dr. Peekhaus have qualified immunity for their conduct that violated(s) the Defend Trade Secrets Act (18 U.S.C. § 1836 *et seq.*). Qualified immunity does not attach to conduct in one's personal capacity or in violation of clearly established statutory rights of which a reasonable person would have known. While some of the allegations in the complaint relate to the work Drs. Ulmert and Peekhaus performed within the course and scope of their employment at UCLA, both Dr. Ulmert and Dr. Peekhaus also are alleged to have violated the DTSA prohibition against misappropriation in their personal capacities separate from any affiliation with UCLA. For example, *see* Complaint, paragraphs 57-62 (Dr. Ulmert's actions in affiliation with Radiopharm); and Complaint paragraphs 30-33 and 63-66

1  (Dr. Peekhaus's action in affiliation with Agensys and with Zelgen).  Agensys further
2  explained that both Dr. Ulmert and Dr. Peekhaus are alleged to have violated clearly
3  established statutory rights which a reasonable person would have known.  A
4  reasonable person would know that theft of Agensys' technology violates clearly
5  established trade secret laws.  Qualified immunity is an affirmative defense and the facts
6  alleged in Agensys' complaint do not establish the existence of the defense.  As such,
7  qualified immunity cannot form the basis for a Rule 12 motion.  *Association for Info.*
8  *Media and Equip., v. Regents of the Univ. of California*, 2012 WL 7683452 (C.D. Cal.
9  Nov. 20, 2012).  Defendants have not cited any authority for qualified immunity
10 defeating a DTSA claim.

11       No resolution was reached on this issue.

12 **(3)  Failure to Plead Trade Secret Misappropriation (Fed. R. Civ P. 12(b)(6)).**

13       All Defendants contended during the pre-filing conference that in order to plead
14 indirect trade secret misappropriation, Agensys is required to sufficiently plead that the
15 Regents and Dr. Ulmert knew or had reason to know before the use or disclosure that
16 the information was a trade secret and knew or had reason to know that the disclosing
17 party had acquired it through improper means or was breaching a duty of confidentiality
18 by disclosing it.  *See California Police Activities League v. California Police Youth*
19 *Charities, Inc.*, at *3 (N.D. Cal. Mar. 3, 2009) (citing *Steinberg Moorad & Dunn, Inc.*
20 *v. Dunn*, 2002 WL 31968234 at *23 (C.D. Cal., Dec.26, 2002)).  Defendants contended
21 that other than making a conclusory allegation reciting this element, Agensys failed to
22 make any specific factual allegation establishing this element.  *See* Compl., ¶ 83.
23 According to Defendants, California federal courts routinely hold that this type of
24 conclusory pleading, without additional factual support, is insufficient to plead the
25 knowledge element of indirect trade secret misappropriation.  *See, e.g., Navigation*
26 *Holdings, LLC v. Molavi*, 445 F. Supp. 3d 69, 78–79 (N.D. Cal. 2020).

27       Agensys disputed at the pre-filing conference that it has failed to adequately plead
28 trade secret misappropriation under the DTSA as to any defendant.  As set forth in the

1  Complaint, Regents and Drs. Ulmert and Peekhaus are responsible for misappropriation
2  as direct actors for their acquisition, use and disclosure of Agensys' trade secrets. 18
3  U.S.C. § 1839(5). There is no heightened pleading standard by virtue of Regents' and
4  Dr. Ulmert's acquisition of Agensys' trade secrets from Dr. Peekhaus. *See Beckmann*
5  *v. Synertech P/M, Inc.*, No. SACV 11-01421-CJC(RNBx), 2011 WL 13355951, at *2
6  (C.D. Cal. Dec. 1, 2011). Further, Agensys contends that a plaintiff is permitted to
7  plead based on information and belief for information that is not presumptively in its
8  knowledge. *See Brocade Commc'n. Sys., Inc. v. A10 Networks, Inc.*, No. 10-CV-03428-
9  LHK, 2011 WL 1044899, at *6 (N.D. Cal. Mar. 23, 2011). Agensys' complaint alleges
10 facts stating a plausible claim of misappropriation at paragraphs 43-55, 80-81 and 83-
11 85 (Regents and Dr. Ulmert knowingly used and disclosed the asserted trade secrets in
12 filing patent applications and in developing the subject matter of the applications).
13 Paragraph 83 of the Complaint alleges that Regents and Dr. Ulmert knew, reasonably
14 should have known, or were willfully blind that their use and disclosure of Agensys'
15 trade secrets violated Agensys' rights. Thus, Agensys contended at the pre-filing
16 conference that its Complaint fully meets the pleading standards for alleging
17 misappropriation.
18       No resolution was reached on this issue.
19 **(4) The DJA Claim is Premature and Cannot Stand Alone (Fed. Civ. P. R.**
20 **12(b)(1))**.
21       All Defendants contended at the pre-filing conference that Agensys' declaratory
22 relief claim seeking "legal and/or equitable ownership and/or other property interest in
23 the Patent Rights" is premature. *See* Compl., ¶ 97. Courts have found similar actions
24 premature where they are based only on a pending patent application, rather than an
25 issued patent. *See, e.g.*, *HIF Bio, Inc. v. Yung Shin Pharms. Indus. Co.*, 600 F.3d 1347,
26 1353–54 (Fed. Cir. 2010). Defendants argued that given that there are no issued patents
27 here (only patent applications), there are no "Patent Rights" for Agensys to seek
28 reassignment of at this time. While Defendants acknowledged Agensys'

1  representations during the pre-filing conference that it is not seeking a correction of
2  inventorship and it does not dispute that the correct inventors are named in the patent
3  applications, Defendants contended that the DJA claim—which is based entirely on
4  Agensys' allegations of trade secret misappropriation—still fails because it cannot stand
5  on its own if the DTSA claim is dismissed.

6  Plaintiff Agensys explained at the pre-filing conference that the Declaratory
7  Judgment Act claim is not premature. Defendants improperly cite to authority involving
8  inventorship whereas Agensys' declaratory relief claim addresses patent ownership, not
9  inventorship. A plaintiff can seek declaratory judgment that it is the owner of patent
10 applications held by the defendant. *Allergia, Inc. v. Bouboulis*, No. 14-CV-1566 JLS
11 (RBB), 2015 WL 11735654, at *5 (S.D. Cal. Aug. 17, 2015) (*citing Benitec Austl., Ltd.
12 v. Nucleonics, Inc.*, 495 F.3d 1340, 1343 (Fed. Cir. 2007)). Thus, assignment of patent
13 applications is a remedy that courts may award under the Declaratory Judgment Act and
14 the claim is not premature.

15 No resolution was reached on this issue.

16 **(5)  Failure to State A Claim for Breach of Contract Against Dr. Peekhaus (Fed.**
17 **R. Civ. P. 12(b)(6)).**

18 Dr. Peekhaus contended at the pre-filing conference that Plaintiff Agensys's
19 breach of contract claim must be dismissed because the Complaint does not plausibly
20 allege that Agensys, Inc., is a party to the alleged contract at issue. Dr. Peekhaus
21 contended that the alleged contract, though not attached to the Complaint, can be
22 considered by the Court in ruling on a motion to dismiss because it is "described" and
23 "integral" to the Complaint. *Orellana (blanca Estella) v. Mayorkas*, 6 F.4th 1034 (9th
24 Cir. 2021). Dr. Peekhaus further contended that Agensys, Inc. did not execute the
25 document, despite Plaintiff's express contention to the contrary (Compl. ¶ 67).
26 Dr. Peekhaus further contended that the document's sole passing reference to Agensys,
27 Inc., did not make the company a party to the alleged agreement.

28

Plaintiff Agensys disputed at the pre-filing conference that the Complaint fails to state a claim for breach of contract against Dr. Peekhaus. Agensys contends that it adequately pled that Agensys is a party to a valid contract with Dr. Peekhaus. *See* Complaint paragraphs 100 and 110. The allegations of the complaint clearly plead that Agensys is a party to the agreement. *See* paragraphs 67, 100 and 110. Directly above Dr. Peekhaus' signature, the contract states "I further agree that Astellas is deemed to have accepted this Agreement as evidenced by my employment with Astellas and/or the payment of wages or monies to me." (paragraph 9.F). The term "Astellas" is defined in the agreement to include Agensys. On a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party. *Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658 (9th Cir. 1998), citing *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Under Rule 12(b)(6), a complaint "should not be dismissed unless it appears beyond doubt that [the] plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*, citing *Hydranautics v. Filmtec Corp.*, 70 F.3d 533, 535–36 (9th Cir. 1995). Under these principles, Agensys contended at the pre-filing conference that it has stated a contract claim against Dr. Peekhaus.

No resolution was reached on this issue.

Dated: July 1, 2024                                 PILLSBURY WINTHROP SHAW PITTMAN LLP


By:   */s/ David J. Tsai*
     David J. Tsai
     Attorneys for Defendants The Regents Of The
     University Of California and Hans David Ulmert

Dated: July 1, 2024                                 CASTAÑEDA + HEIDELMAN LLP


By:   */s/ Juan Castañeda*
     Juan Castañeda
     Attorneys for Defendant Norbert Peekhaus

| | | |
|---|---|---|
| Dated: July 1, 2024 | | JONES DAY |
| | By: | /s/ Randall E. Kay |
| | | Randall E. Kay |
| | | Attorneys for Plaintiff Agensys, Inc. |

## **ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing by email.

/s/ David J. Tsai
David J. Tsai