# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGENSYS, INC. and ASTELLAS PHARMA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HANS DAVID ULMERT and NORBERT PEEKHAUS, <br><br> Defendants. | Case No.  2:24-cv-03961-JFW (PDx) <br><br> STIPULATED PROTECTIVE ORDER <br> (PD Version) <br><br> ☐ Check if submitted without material modifications to PD form |

1.    <u>INTRODUCTION</u>

    1.1    <u>PURPOSES AND LIMITATIONS</u>

       Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the

procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### 1.2    GOOD CAUSE STATEMENT

Good cause exists for entry of this Stipulated Protective Order because this is an action for alleged trade secret misappropriation.  It is likely to involve proprietary information, such as the parties' alleged trade secrets and related highly confidential information, proprietary research and development technologies and techniques, non-public research and development data and information regarding biotechnology product candidates, and research and development strategy and planning, for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[C]ompelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the . . . release of trade secrets." (citation omitted); *Skillz Platform Inc. v. AviaGames Inc*., No. 21-CV-02436-BLF, 2023 WL 8430369, at *2 (N.D. Cal. Dec. 4, 2023) ("Good cause exists to seal trade secrets.").

The same is true for "confidential business information that would harm a party's competitive standing."  *Id.*; *see also Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *In re Electronic Arts, Inc.*, 298 Fed. Appx. 586,569 (9th Cir. 2008); *Table de France, Inc. v. DBC Corp.*, 2019 WL 6894521, at *2 (C.D. Cal. 2019).  Confidential business information includes competitively sensitive financial information, internal forecasts and budgeting, and confidential business agreements with third parties.

Based on information requested, including that described herein, the Parties anticipate that they will disclose highly sensitive trade secret, financial, and/or proprietary information.  Confidential trade secret, financial, and/or proprietary

information of third parties may also be disclosed.  It is important that this information remain protected and not be readily available due to the protection of business competition interests.  The unrestricted or unprotected disclosure of such trade secret, financial and/or business information would result in prejudice or harm to the producing party and third parties by revealing their information which could result in loss of business and/or violation of federal and state laws and regulations regarding the exportation of technical data.  Therefore, a two-tiered protective order is proper and necessary here to narrow the universe of persons with whom highly sensitive information can be shared.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as Confidential or Highly Confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.    <u>DEFINITIONS</u>

2.1    <u>Action</u>: *Agensys, Inc., et al. v. Hans David Ulmert, et. al.,* No. 2:24-cv-03961-JFW (PDx) (C.D. Cal.).

2.2    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    <u>"CONFIDENTIAL" Information or Items:</u>  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for

protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  any non-public technical, research, development, regulatory, operational, commercial, non-public personal, financial, marketing, strategic planning information, pricing and cost data, or any other competitive information, whether oral or in documentary or other tangible form, so designated by any Producing Party that it reasonably and in good faith believes is of the type protectable under the Federal Rules of Civil Procedure or other applicable law or is required to be kept Confidential by law or by agreement with a third party or otherwise.

2.9    House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10   <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11   <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12   <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

under this Order must be clearly so designated before or at the time that the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY legend") to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection will be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection and what level of protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY legend," as appropriate, to each page that contains Protected Material.

(b)  for testimony given in depositions or in other pretrial or trial proceedings that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21

days after receipt of the deposition transcript to identify and inform all parties of the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.

Parties shall give the other parties reasonable notice (a minimum of two business days) if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material. The Designating Party shall inform the court reporter of this requirement. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

5.3     Redactions.  Documents and things produced or made available for inspection may be subject to redaction, in good faith by the Producing Party, of

information that the Producing Party believes is (i) information subject to privacy and security protection under The Health Insurance Portability and Accountability Act of 1996 ("HIPAA") or other applicable US or foreign data security and privacy laws or regulations, (ii) subject to the attorney-client privilege, or (iii) subject to attorney work-product or other immunity from production.  Each such redaction, regardless of size, shall be clearly labeled as redacted, such as by black-boxing the redacted text.  Information involving the privacy interests of one or more individuals or subject to data privacy restrictions (such as social security numbers, dates of birth, private addresses or telephone numbers, or other personal information) can be redacted in accordance with the provisions of this paragraph.  This paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information.  All redactions based on relevance or scope shall be marked as "Not Relevant" or a similar marking.  All redactions based on privacy or security shall be marked as "Privacy" or a similar marking.  All redactions based on attorney-client privilege or work-product immunity shall be marked as "Privilege" or a similar marking.  Any materials marked with a "Privilege" or similar designation are not required to be listed on a privilege log in the first instance.   Upon a showing of good cause, the Receiving Party may request that the producing party log a privilege-redacted document.  The Parties agree that no Party is required to identify on its respective privilege log any document or communication dated after the filing of the Complaint in the Action.  The Parties shall exchange their respective privilege logs, if any, at a time to be agreed upon by the Parties following the production of documents, or as otherwise ordered by the Court.

> 5.4    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable

efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer.  The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 *et seq.*

6.3    The burden of persuasion in any such challenge proceeding will be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Specifically, all Protected Material shall be used solely for this Action or any related proceeding, and not for any other purpose whatsoever, including, for example, but not limited to (a) any business, proprietary, or commercial purpose; (b) use in connection with the prosecution of patents or patent applications, including in connection with the prosecution of patent applications relating to the subject matter of this Action, any claims in any reissue, interference, reexamination, *inter partes*

review, post-grant review, or any contested proceeding before the U.S. Patent & Trademark Office or any foreign patent office; and/or (c) use in connection with any formulation, scientific research, development, or manufacturing activities concerning the subject matter of this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees of the Receiving Party (including House Counsel) to whom disclosure is reasonably necessary for this Action;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed, and their staff to whom disclosure is reasonably necessary for this Action and who are supervised by Experts who have signed the Exhibit A;

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i) any Party to this Action.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) up to three House counsel for each entity, who are not actively involved in and do not provide patent prosecution assistance to others who are actively involved in prosecuting patents concerning the subject matter of this action, identified below:

- For Plaintiffs Agensys, Inc. and Astellas Pharma, Inc.: Brian Anderson and Chika Seidel.
- For Defendant Hans David Ulmert: Angus MacDonald, Kimberly Robinson, and Jerome Mayer-Cantu.

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in

paragraph 7.4(a), below, have been followed, and their staff to whom disclosure is reasonably necessary for this Action and who are supervised by Experts who have signed the Exhibit A;

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i) Defendant Hans David Ulmert and/or Defendant Norbert Peekhaus, to the extent that Plaintiffs contend that the information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" consists of a trade secret that was misappropriated by the individual Defendant to whom disclosure is made.

7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary

residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 5 business days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37-1 *et seq.*

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

STIPULATED PROTECTIVE ORDER

1  Protected Material to its Expert.

2  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

3  IN OTHER LITIGATION

4      If a Party is served with a subpoena or a court order issued in other litigation

5  that compels disclosure of any information or items designated in this Action as

6  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

7  ONLY," that Party must:

8      (a)  promptly notify in writing the Designating Party. Such notification

9  will include a copy of the subpoena or court order;

10      (b)  promptly notify in writing the party who caused the subpoena or order

11  to issue in the other litigation that some or all of the material covered by the

12  subpoena or order is subject to this Protective Order.  Such notification will include

13  a copy of this Stipulated Protective Order; and

14      (c)  cooperate with respect to all reasonable procedures sought to be

15  pursued by the Designating Party whose Protected Material may be affected.

16      If the Designating Party timely seeks a protective order, the Party served with

17  the subpoena or court order will not produce any information designated in this

18  Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

19  EYES ONLY" before a determination by the court from which the subpoena or

20  order issued, unless the Party has obtained the Designating Party's permission.  The

21  Designating Party will bear the burden and expense of seeking protection in that

22  court of its confidential material and nothing in these provisions should be construed

23  as authorizing or encouraging a Receiving Party in this Action to disobey a lawful

24  directive from another court.

25  9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

26  PRODUCED IN THIS LITIGATION

27

28

STIPULATED PROTECTIVE ORDER

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.    <u>MISCELLANEOUS</u>

12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.4    Use of Protected Material at a Public Hearing.  If a Party anticipates use or disclosure of Protected Material at any public court hearing, the Party seeking to use such material shall provide notice to the Designating Party before or at the hearing but before referencing the material at the hearing. The Designating Party may object to the use of the material. The Court may apply restrictions, as it deems appropriate, on the matter of use of such Protected Material, and on public access to such materials.

12.5    Use of Protected Material at Trial.  The Parties agree to meet and confer on a protocol regarding the use or disclosure of Protected Material at trial in connection with the final pretrial order in this case, if any. To the extent the Parties cannot reach agreement on such a protocol, the Designating Party shall file a motion with the Court seeking an order to seal the portions of the trial record in which the Protected Materials were used.

12.6 Violations. Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

13.    FINAL DISPOSITION

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

summaries, and any other format reproducing or capturing any of the Protected

Material.  Whether the Protected Material is returned or destroyed, the Receiving

Party must submit a written certification to the Producing Party (and, if not the same

person or entity, to the Designating Party) by the 60 day deadline that (1) affirms

that all the Protected Material was returned or destroyed and (2) affirms that the

Receiving Party has not retained any copies, abstracts, compilations, summaries or

any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

pleadings, motion papers, written discovery requests and responses, trial, deposition,

and hearing transcripts, legal memoranda, correspondence between the parties,

deposition and trial exhibits, expert reports, attorney work product, and consultant

and expert work product, even if such materials contain Protected Material.  Any

such archival copies that contain or constitute Protected Material remain subject to

this Protective Order as set forth in Section 4 (DURATION).

///

///

///

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED:  November 15, 2024

/s/ Randall E. Kay_____
  Randall E. Kay (SBN 149369)
  rekay@jonesday.com
  JONES DAY
  4655 Executive Drive, Suite 1500
  San Diego, CA  92121
  Telephone: +1.858.314.1200

  Andrea W. Jeffries (SBN 183408)
  ajeffries@jonesday.com
  JONES DAY
  555 South Flower Street, Fiftieth Floor
  Los Angeles, CA  90071
  Telephone: +1.213.489.3939

  Sarah A. Geers (Admitted *Pro Hac
  Vice*)
  sgeers@jonesday.com
  JONES DAY
  250 Vesey Street
  New York, NY  10281
  Telephone: +1.212.326.3936
*Attorneys for Plaintiffs Agensys, Inc.
and Astellas Pharma, Inc.*

/s/ David J. Tsai_____
  Carolyn S. Toto (SBN 233825)
  carolyn.toto@pillsburylaw.com
  Pillsbury Winthrop Shaw Pittman LLP
  725 South Figueroa Street, 36th Floor
  Los Angeles, CA  90017
  Telephone:  213.488.7100

  David J. Tsai (SBN 244479)
  david.tsai@pillsburylaw.com
  Alekzandir Morton (SBN 319241)
  alekzandir.morton@pillsburylaw.com
  John Steger (SBN 341299)
  john.steger@pillsburylaw.com
  Pillsbury Winthrop Shaw Pittman LLP
  Four Embarcadero Center, 22nd Floor
  San Francisco, CA  94111-5998
  Telephone:  415.983.1000

*Attorneys for Defendant Hans David
Ulmert*

/s/ John J. Manier_____

John J. Manier
jmanier@brgslaw.com
Ballard Rosenberg Golper & Savit, LLP
15760 Ventura Blvd., 18th Floor
Encino, CA 91436
Tel.: 818-508-3700

*Attorney for Defendant Norbert
Peekhaus*

1    Pursuant to L.R. 5-4.3.4(a)(2)(i), the filing attorney attests all other signatories

2  listed, and on whose behalf the filing is submitted, concur in the filing's content and

3  have authorized it.

4                                                  /s/ David J. Tsai

5

6  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

7

8

9  DATED: November 18, 2024

10                                              HON. PATRICIA DONAHUE
                                                United States Magistrate Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [**full name**], of

_____

[**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____**[date]** in the case of *Agensys, Inc., et al. v. Hans David Ulmert,. et al.*, No. 2:24-cv-03961-JFW (PDx) (C.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____