# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGENSYS, INC. and ASTELLAS PHARMA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HANS DAVID ULMERT and NORBERT PEEKHAUS, <br><br> Defendants. | Case No. 2:24-cv-03961-CV-PD <br><br> SECOND ADDENDUM TO STIPULATED PROTECTIVE ORDER <br><br> (PD Version) <br><br> ☐ Check if submitted without material modifications to PD form |

WHEREAS on November 18, 2024, this Court entered a Stipulated Protective Order;

WHEREAS, on December 11, 2024, this Court entered an Addendum to Stipulated Protective Order;

WHEREAS the Stipulated Protective Order provides at Section 7.2 that a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to those individuals identified in Section 7.2(a) – (i);

WHEREAS the Stipulated Protective Order provides at Section 7.3 that a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to those individuals identified in Section 7.3(a) – (i);

WHEREAS the Stipulated Protective Order provides at Section 12.3 that Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue, in compliance with Civil Local Rule 79-5, and that if a Party's request to file Protected Material under seal is denied

by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court;

WHEREAS third-parties Lantheus Omega LLC and Lantheus Holdings, Inc. (together, "Lantheus") have now requested a Second Addendum to Stipulated Protective Order whereby a Receiving Party may not disclose any Protected Material produced by Lantheus to any person other than the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation, without prior written consent from Lantheus;

WHEREAS Lantheus has further requested a Second Addendum to Stipulated Protective Order whereby a Party may not file in the public record any Protected Material produced by Lantheus without prior written consent from Lantheus;

The parties stipulate to this Second Addendum to Stipulated Protective Order as follows:

Paragraph 12.3 of the Stipulated Protective Order shall provide as follows:

12.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court. A Party seeking to utilize Protected Material produced by Lantheus Omega LLC or Lantheus Holdings, Inc. (together, "Lantheus") in court proceedings and/or filings shall first seek to file such Protected Material under seal in accordance with the procedures set forth in Civil Local Rule 79-5.2.2(b). If the Application to file Lantheus' Protected Material under seal is denied by the Court, the Filing Party may file the Protected Material in the public case file as set forth in Civil Local Rule 79-5.2.2(b)(ii), unless the Court orders otherwise.

Paragraph 12.7 of the Stipulated Protective Order shall provide as follows:

<u>12.7   Disclosure of Lantheus' Protected Material.</u> Unless otherwise ordered by the court or permitted in writing by Lantheus, a Receiving Party may only disclose any information or item produced by Lantheus and designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: April 7, 2025

| | |
|---|---|
| */s/ Randall E. Kay* | */s/ David J. Tsai* |
| Randall E. Kay (SBN 149369)<br>rekay@jonesday.com<br>Hannah H. Ohara (SBN 335616)<br>hohara@jonesday.com<br>JONES DAY<br>4655 Executive Drive, Suite 1500<br>San Diego, CA  92121<br>Telephone: +1.858.314.1200<br><br>Andrea W. Jeffries (SBN 183408)<br>ajeffries@jonesday.com<br>JONES DAY<br>555 South Flower Street, Fiftieth Floor<br>Los Angeles, CA  90071<br>Telephone: +1.213.489.3939 | Carolyn S. Toto (SBN 233825)<br>carolyn.toto@pillsburylaw.com<br>Pillsbury Winthrop Shaw Pittman LLP<br>725 South Figueroa Street, 36th Floor<br>Los Angeles, CA  90017<br>Telephone:  +1.213.488.7100<br><br>David J. Tsai (SBN 244479)<br>david.tsai@pillsburylaw.com<br>Alekzandir Morton (SBN 319241)<br>alekzandir.morton@pillsburylaw.com<br>John Steger (SBN 341299)<br>john.steger@pillsburylaw.com<br>Pillsbury Winthrop Shaw Pittman LLP<br>Four Embarcadero Center, 22nd Floor<br>San Francisco, CA  94111-5998<br>Telephone:  +1.415.983.1000<br>*Attorneys for Defendant Hans David Ulmert* |

| | |
|---|---|
| Sarah A. Geers (Admitted *Pro Hac Vice*)<br>sgeers@jonesday.com<br>JONES DAY<br>250 Vesey Street<br>New York, NY 10281<br>Telephone: +1.212.326.3936<br>*Attorneys for Plaintiffs Agensys, Inc. and Astellas Pharma, Inc.* | */s/ John J. Manier*<br>John J. Manier<br>jmanier@brgslaw.com<br>Ballard Rosenberg Golper & Savitt LLP<br>15760 Ventura Blvd., 18th Floor<br>Encino, CA 91436<br>Telephone: +1.818.508.3700<br>*Attorney for Defendant Norbert Peekhaus* |

Pursuant to L.R. 5-4.3.4(a)(2)(i), the filing attorney attests all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized it.

*/s/ Randall E. Kay*
Randall E. Kay

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: April 07, 2025

_____
HON. PATRICIA DONAHUE
United States Magistrate Judge