| | |
|---|---|
| 1 | Carolyn S. Toto (SBN 233825) |
| 2 |   carolyn.toto@pillsburylaw.com |
|   | Pillsbury Winthrop Shaw Pittman LLP |
| 3 | 725 South Figueroa Street, 36th Floor |
| 4 | Los Angeles, CA  90017 |
|   | Telephone: 213.488.7100 |
| 5 | |
| 6 | David J. Tsai (SBN 244479) |
|   |   david.tsai@pillsburylaw.com |
| 7 | Alekzandir Morton (SBN 319241) |
| 8 |   alekzandir.morton@pillsburylaw.com |
|   | John Steger (SBN 341299) |
| 9 |   john.steger@pillsburylaw.com |
| 10 | Pillsbury Winthrop Shaw Pittman LLP |
|    | Four Embarcadero Center, 22nd Floor |
| 11 | San Francisco, CA  94111-5998 |
| 12 | Telephone: 415.983.1000 |
| 13 | Attorneys for Defendant |
| 14 | *Hans David Ulmert* |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AGENSYS, INC. and ASTELLAS PHARMA, INC., | Case No. 2:24-cv-03961-CV (PDx) |
| Plaintiffs, | **DEFENDANTS HANS DAVID ULMERT'S AND NORBERT PEEKHAUS'S SUPPLEMENTAL BRIEF IN SUPPORT OF JOINT *EX PARTE* APPLICATION FOR ORDER CONTINUING CASE DEADLINES IN SCHEDULING ORDER** |
| vs. | |
| HANS DAVID ULMERT and NORBERT PEEKHAUS, | |
| Defendants. | |

**TO THE COURT AND TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants Hans David Ulmert ("Dr. Ulmert") and Norbert Peekhaus ("Dr. Peekhaus") (collectively, the "Defendants") hereby jointly supplement their *ex parte* application (*see* Dkt. No. 118), pursuant to Federal Rule of Civil Procedure 16(b)(4), Local Rules 7-19 and 7-19.1, and Sections V(G) and V(H) of the Court's Standing Order (*see* Dkt. No. 112), for an order continuing the deadlines in the Scheduling Order (*see* Dkt. No. 113). Defendants' initial *ex parte* application is the second time that any of the parties have requested a continuance of the case deadlines. *See* Supplemental Declaration of David Tsai in Support of Defendants Hans David Ulmert and Norbert Peekhaus's Joint *Ex Parte* Application for Order Continuing Case Deadlines in Scheduling Order ("Suppl. Tsai Decl.") at ¶ 22.

On April 14, 2025, Defendants filed an *ex parte* application seeking expedited relief due to the impending Affirmative Expert Disclosures deadline on May 2, 2025, based on Plaintiffs' failure to timely produce documents, and a second mediation, which occurred on April 16, 2025, between Defendants, Plaintiffs Agensys, Inc. ("Agensys") and Astellas Pharma, Inc. ("Astellas") (collectively, the "Plaintiffs") (Plaintiffs, with Defendants, collectively the "Parties"), and non-party Lantheus Omega, LLC ("Lantheus"). Since the filing of Defendants' initial *ex parte* application, the Parties have not reached a resolution through mediation, and Plaintiffs have been dilatory in their discovery obligations. Accordingly, there is good cause to grant Defendants' request to continue the deadlines set forth in the Scheduling Order. Although Plaintiffs have made a third production of documents, the production remains insufficient. As a result, Defendants are unable to proceed with depositions of Plaintiffs' witnesses or prepare meaningful expert reports. Moreover, Plaintiffs have informed counsel for Dr. Ulmert that some of the Plaintiffs' Rule 30(b)(6) deposition witnesses would not be available until at least May 16, 2025 (with others' deposition dates to be determined). Requiring Defendants to serve Expert Disclosures without adequate

1 | document production and without deposing Plaintiffs' witnesses would result in
2 | significant prejudice to Defendants.[1]

3 |      Notice of this Application was provided in accordance with Local Rules 7-19 and 7-19.1, and Sections V(G) and V(H) of the Court's Standing Order. The name, address, telephone number, and email address information for Plaintiffs' counsel is as follows:

Randall E. Kay
rekay@jonesday.com
Hannah H. Ohara
hohara@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, California 92121.3134
Telephone: +1.858.314.1200

Andrea W. Jeffries
ajeffries@jonesday.com
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, California 90071
Telephone: +1.213.489.3939

Sarah A. Geers
sgeers@jonesday.com
JONES DAY
250 Vesey Street
New York, NY 10281
Telephone: +1.212.326.3936

Counsel for Dr. Ulmert, on behalf of Defendants, called counsel for Plaintiffs on April 29, 2025, and left a voicemail providing notice of this supplemental briefing in support of Defendants' *ex parte* application. *See* Suppl. Tsai Decl. at ¶ 23. Counsel for

---

[1] On April 29, 2025, Plaintiffs' counsel emailed counsel for Dr. Ulmert stating that Plaintiffs would agree to extend Dr. Ulmert's expert's disclosure deadline to May 30. However, this proposed deadline would still unduly prejudice Dr. Ulmert, particularly in light of Plaintiffs' failure to make a substantive production of documents and the continued ongoing uncertainty surrounding the timing of the Plaintiffs' Rule 30(b)(6) deposition(s).

Dr. Ulmert subsequently provided an email notice to Defendants' counsel on April 29 at 3:54 p.m. *See id.*

Defendants' Application is based on Defendants' initial April 14, 2025 Notice and Memorandum of Points and Authorities (Dkt. No. 118), the April 14, 2025 Declaration of David Tsai (Dkt. No. 118-1) ("Tsai Decl."), this Notice and the accompanying Memorandum of Points and Authorities, the concurrently filed Supplemental Declaration of David Tsai, and all of the records and files in the above-entitled action.

DATED: April 29, 2025

| BALLARD ROSENBERG GOLPER & SAVIT, LLP | PILLSBURY WINTHROP SHAW PITTMAN LLP |
|---|---|
| */s/ John J. Manier*<br>John J. Manier | */s/ David J. Tsai*<br>David J. Tsai |
| *Attorney for Defendant*<br>*Norbert Peekhaus* | *Attorneys for Defendant*<br>*Hans David Ulmert* |

### ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing by email.

*/s/ David J. Tsai*
David J. Tsai

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Drs. Ulmert and Peekhaus respectfully submit this supplemental briefing to their *ex parte* application for an order extending the current case deadlines by a modest additional eight (8) weeks to avoid severe prejudice to the Defendants due to Plaintiffs' failure to produce sufficient documents and failure to produce deposition witnesses. After repeated delays, Plaintiffs finally produced documents in response to Dr. Ulmert's Requests for Production on April 15, 2025. However, these documents are still insufficient to cover the information requested by Dr. Ulmert. *See* Supplemental Tsai Decl. at ¶ 11. Plaintiffs have also not yet provided supplemental responses to Dr. Ulmert's Interrogatories and Requests for Production, as counsel for Plaintiffs indicated in an April 7 email. *See id.* at ¶¶ 5-6.

Despite Plaintiffs' insufficient discovery, Dr. Ulmert attempted to move forward with taking Plaintiffs' Rule 30(b)(6) depositions. *See id.* at ¶¶ 14-15. However, counsel for Plaintiffs informed counsel for Dr. Ulmert on April 27 that Plaintiffs would not produce deposition witnesses until May 16, two weeks after the Affirmative Expert Disclosure deadline. *See id.* at ¶ 16. Plaintiffs' continued delays have prevented Defendants gathering information needed to meet this upcoming Affirmative Expert Disclosure deadline.

An extension of the case deadlines will not severely prejudice Plaintiffs and will not add additional strain to the Court, as currently, there is not a set trial date in this case (*see* Dkt. No. 109).

Good cause exists to grant Defendants' *ex parte* application due to the diligent efforts of Defendants and their counsel to move this case forward. However, requiring the Defendants to prepare Affirmative Expert Disclosures in light of Plaintiffs' continued discovery delays and failure to produce sufficient information will severely prejudice Defendants by hindering them from effectively preparing these reports.

## II. ARGUMENT

Federal Rule of Civil Procedure 16(b)(4) provides that a case scheduling order may be modified "for good cause" and "with the judge's consent." Further, *ex parte* applications may be granted for extraordinary relief. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Such relief is warranted here because, as further detailed in Defendants' initial *ex parte* application, Defendants have acted diligently in advancing the litigation and participating in active settlement negotiations, whereas Plaintiffs, as further detailed below, have continued to impede Defendants' discovery efforts. Additionally, this relief will benefit all parties, and the Court, because a trial date has not yet been set in this matter.

### A. Plaintiffs' Continued Discovery Delays

Since Defendants filed their initial *ex parte* application, Plaintiffs have continued to produce insufficient discovery. Plaintiffs produced a long-delayed volume of documents in response to Dr. Ulmert's Requests for Production on April 15, 2025, Plaintiffs' third production volume in this litigation. *See* Suppl. Tsai Decl. at ¶ 8. This third volume consisted of 539 documents, bringing Plaintiffs' total count of produced documents to 576. *See id.* at ¶¶ 9-10. However, 117 of these documents are just slip sheets—115 of which are marked "Document Not Responsive" and two of which are marked "File Could Not Be Rendered." *See id.* at ¶ 9. Moreover, although counsel for Plaintiffs noted on April 7 that Plaintiffs would provide supplemental written responses to several of Dr. Ulmert's Requests for Production of Documents and Interrogatories, Plaintiffs have not yet done so and have not committed to a date to do so either. *See* Suppl. Tsai Decl. at ¶¶ 5-6; *see also* Tsai Decl., Ex. A (Dkt No. 118-2). Plaintiffs' document production is insufficient for Defendants to use to facilitate their Affirmative Expert Reports in advance of the May 2 deadline. Meanwhile, in response to Plaintiffs' Requests for Production, Dr. Ulmert has produced 12,642 documents and Dr. Peekhaus has produced 24 documents, giving Plaintiffs plenty of information to use for their reports, severely prejudicing Defendants. *See* Suppl. Tsai Decl. at ¶¶ 12-13.

On April 15, Dr. Ulmert served Rule 30(b)(6) deposition notices on Astellas and Agensys, setting Astellas' deposition for April 29 and Agensys' for May 1. *See id.* at ¶¶ 14-15. On April 27, at 10:22 PM, counsel for Plaintiffs informed counsel for Dr. Ulmert that the depositions would not be going forward on the dates noticed and that they would not produce a witness for the depositions until May 16. *See id.* at ¶ 16. On April 29, Plaintiffs' counsel informed counsel for Dr. Ulmert that if the Rule 30(b)(6) deposition proceeded on May 16, they would agree to extend Dr. Ulmert's expert's disclosure deadline to May 30. *See id.* at ¶ 18. However, the timing of this is still uncertain, as Plaintiffs have only yet confirmed the availability of one of their witnesses for May 16, stating that others still need to be confirmed. *See id.* In light of this ongoing uncertainty as to the timing of the Rule 30(b)(6) depositions and Plaintiffs' failure to make a substantive production of documents, Dr. Ulmert would still be unduly prejudiced by Plaintiffs' proposed May 30 deadline.

Plaintiffs' continued delays have severely prejudiced Defendants, providing good cause to continue the current case deadlines. Because a trial date in this matter has not yet been set, this additional flexibility in the case deadlines will benefit all Parties without burdening the Court.

B. Proposed Amended Case Deadlines

Defendants respectfully request that all pending deadlines in this action be continued by eight weeks as shown below (and in Defendants' initial *ex parte* application):

| Event | Current Date | Proposed New Date |
|---|---|---|
| Trial (jury) | To be reset by Court (*See* Dkt. No. 109) | To be reset by Court (*See* Dkt. No. 109) |
| [Jury trial] Hearing on Motions in Limine; Hearing on Disputed Jury Instruction | To be reset by Court (*See* Dkt. No. 109) | To be reset by Court (*See* Dkt. No. 109) |

| Event | Current Date | Proposed New Date |
|---|---|---|
| Pre-Trial Conference (File Proposed Voir Dire Qs and Agreed-to Statement of Case three days prior to PTC) | To be reset by Court (*See* Dkt. No. 109) | To be reset by Court (*See* Dkt. No. 109) |
| Submit Pre-Trial Conf. Order; File Motions in Limine; Memo of Contentions of Fact and Law; Pre-Trial Exhibit Stipulation; Summary of Witness Testimony and Time Estimates; File Status Report re: Settlement; File Agreed Upon Set of Jury Instructions and Verdict Forms; File Joint Statement re Disputed Instructions, Verdicts, etc. | 8/6/25 | 10/1/25 |
| Last day for hearing motions | 7/14/25 | 9/8/25 |
| Discovery cut-off | 6/26/25 | 8/21/25 |
| Rebuttal Expert Disclosures | 5/23/25 (5 weeks before discovery cutoff) | 7/18/25 (5 weeks before discovery cutoff) |
| Affirmative Expert Disclosures | 5/2/25 (8 weeks before discovery cutoff) | 6/27/25 (8 weeks before discovery cutoff) |

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their *Ex Parte* Application and continue the case deadlines in the Scheduling Order as set forth above in Section II(B) and the concurrently filed Proposed Order.

DATED: April 29, 2025

| BALLARD ROSENBERG GOLPER & SAVIT, LLP | PILLSBURY WINTHROP SHAW PITTMAN LLP |
|---|---|
| */s/ John J. Manier* <br> John J. Manier | */s/ David J. Tsai* <br> David J. Tsai |
| *Attorney for Defendant* <br> *Norbert Peekhaus* | *Attorneys for Defendant* <br> *Hans David Ulmert* |

## **ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ David J. Tsai*
David J. Tsai

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing documents were caused to be served via ECF and Facsimile on April 29, 2025 to all attorneys of record.

                                           */s/ David J. Tsai*
                                             David J. Tsai