Carolyn S. Toto (SBN 233825)
  carolyn.toto@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, 36th Floor
Los Angeles, CA  90017
Telephone:  213.488.7100

David J. Tsai (SBN 244479)
  david.tsai@pillsburylaw.com
Alekzandir Morton (SBN 319241)
  alekzandir.morton@pillsburylaw.com
John Steger (SBN 341299)
  john.steger@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA  94111-5998
Telephone:  415.983.1000

*Attorneys for Defendant
Hans David Ulmert*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AGENSYS, INC. and ASTELLAS PHARMA, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>HANS DAVID ULMERT and NORBERT PEEKHAUS,<br><br>Defendants. | Case No. 2:24-cv-03961-CV (PDx)<br><br>**SUPPLEMENTAL DECLARATION OF DAVID J. TSAI IN SUPPORT OF DEFENDANTS HANS DAVID ULMERT'S AND NORBERT PEEKHAUS'S JOINT *EX PARTE* APPLICATION FOR ORDER CONTINUING CASE DEADLINES IN SCHEDULING ORDER** |

I, DAVID J. TSAI, hereby declare as follows:

1. I am a member of the State Bar of California and a Partner at the law firm Pillsbury Winthrop Shaw Pittman LLP, counsel of record for Defendant Hans David Ulmert ("Dr. Ulmert") in the above-captioned action. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. I am making this declaration, in compliance with Local Rule 7-19.1 and Sections V(G) and V(H) of the Court's Standing Order, in connection with Dr. Ulmert's and Norbert Peekhaus's ("Dr. Peekhaus") (collectively, the "Defendants") concurrently filed Supplemental Brief in Support of Joint *Ex Parte* Application for Order Continuing Case Deadlines in Scheduling Order.

3. On April 7, 2025, my colleague, John Steger, emailed lead counsel for Plaintiffs, Randall E. Kay, asking Mr. Kay to "provide an update on that status of Plaintiffs' document production and their supplemental responses to Dr. Ulmert's Interrogatories and Requests for Production." Mr. Steger noted that Mr. Kay stated that he would provide these documents the previous week, but we had not yet received them.

4. Later that day, Mr. Kay responded, stating that "Plaintiffs have produced some of the requested documents, and Plaintiffs are continuing to make their production on a rolling basis. I expect more documents to be produced in response to Dr. Ulmert's document requests. While we were aiming to complete production by April 15, it may take additional time to complete the production."

5. Mr. Kay also stated that Plaintiffs would provide supplemental responses to Dr. Ulmert's Interrogatories and Requests for Production, but Mr. Kay did not commit to a date for Plaintiffs to provide these responses.

6. As of April 29, 2025, Plaintiffs have not yet provided supplemental responses to Dr. Ulmert's Interrogatories and Requests for Production.

7. On April 14, 2025, Defendants filed an *ex parte* application for an order extending the current case deadlines by an additional eight weeks (*see* Dkt. No. 118).

8. On April 15, 2025, Plaintiffs produced their third volume of documents, in response to Dr. Ulmert's Requests for Production.

9. Plaintiffs' third production volume contained 539 documents. 115 documents in this volume were slip sheets marked "Document Not Responsive." Two documents in this volume were slip sheets marked "File Could Not Be Rendered."

10. As of April 29, 2025, Plaintiffs have produced 576 documents (including the 117 slip sheets).

11. Plaintiffs' third production volume is insufficient, as Plaintiffs have failed to produce documents responsive to many of Dr. Ulmert's Requests, including documents regarding the efforts Plaintiffs took to protect their alleged trade secrets. These documents are necessary for Dr. Ulmert's expert to produce a meaningful affirmative report.

12. As of April 29, 2025, Dr. Ulmert has produced 12,642 documents.

13. As of April 29, 2025, Dr. Peekhaus has produced 24 documents.

14. On April 15, 2025, Dr. Ulmert served a Rule 30(b)(6) deposition notice on Astellas, setting the deposition for April 29.

15. On April 15, 2025, Dr. Ulmert served a Rule 30(b)(6) deposition notice on Agensys, setting the deposition for May 1.

16. On April 27, 2025, at 10:22 PM, Mr. Kay emailed counsel for Dr. Ulmert, informing us that "Agensys and Astellas will not be deposed this week" and that "at least one of plaintiffs' witnesses is available for deposition on Friday May 16, 2025 in Los Angeles."

17. That same night, I immediately responded to Mr. Kay, informing him that Defendant Dr. Ulmert would be willing to move the deposition dates, if Plaintiffs agreed to move the deadline for Dr. Ulmert's affirmative expert's report.

18. On April 29, 2025, Mr. Kay responded, suggesting that if Plaintiffs' deposition occurred on May 16, Dr. Ulmert's expert's report could be due two weeks later, on May 30. Mr. Kay noted that two deposition witnesses possibly could be

1  available on May 16, although he was still working to confirm one witness' availability for that day.  Mr. Kay further noted a third one potential deposition witness is in North Carolina and their deposition would need to occur on Zoom.

19.   The Parties' next deadline set by the Court, for affirmative expert reports, is currently set for May 2, 2025 (*see* Dkt. No. 113).

20.   Without Plaintiffs' documents and witness testimony, Dr. Ulmert cannot proceed with preparing any meaningful affirmative expert reports.  Continuing the deadlines in the Scheduling Order will prevent Dr. Ulmert from being unduly prejudiced.

21.   Defendants' April 14, 2025 *ex parte* application is the second time that any of the parties have requested a continuance of the case deadlines.  On February 10, 2025, the Parties filed a Joint Stipulation to Amend the Scheduling Order because the previously-set deadline for the exchange of affirmative expert reports (March 7, 2025) fell approximately 2.5 months after the pleadings closed (December 19, 2024) (*see* Dkt. No. 111).  On February 18, 2025, the Court issued an Order Granting Stipulation to Amend Scheduling Order (*see* Dkt. No. 113).

22.   A trial date for this case yet to be set.  The original trial date was vacated by this Court on February 6, 2025 after reassignment of the case to the Honorable Cynthia Valenzuela (*see* Dkt. Nos. 109 and 113).

23.   My colleague, Mr. Steger, called Mr. Kay on April 29, 2025, and left a voicemail to inform Plaintiffs that Defendants will be proceeding with filing a supplemental brief in support of their joint *ex parte* application to continue the case deadlines in the scheduling order.  Mr. Steger subsequently sent an email notice to Mr. Kay regarding the *ex parte* application as well.

24.   On April 29, 2025, my colleague, Chris Garza Estrada, called the Courtroom Deputy Clerk, Jessica Cortes, and left a voicemail to inform the Court that Defendants would be filing the supplemental brief in support of the *ex parte* application.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on this 29th day of April 2025, at San Francisco, California.

          */s/ David Tsai*
          David J. Tsai

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing documents were caused to be served via ECF and Facsimile on April 29, 2025 to all attorneys of record.

          */s/ David J. Tsai*
          David J. Tsai