UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGENSYS, INC., et al. | Case No.  2:24–cv–03961–CV–PD |
| Plaintiff(s), | |
| v. | **ORDER RE MOTIONS FOR SUMMARY JUDGMENT** |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al. | **[Updated 3/13/25]** |
| Defendant(s). | |

**READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES. WHEN CONSULTING THIS ORDER, PLEASE BE SURE TO USE THE MOST UPDATED VERSION LOCATED ON JUDGE VALENZUELA'S WEBPAGE.[1]**

---

[1] Judge Valenzuela's webpage can be found at https://www.cacd.uscourts.gov/honorable–cynthia–valenzuela

## 1. <u>GENERAL REQUIREMENTS</u>

pursuant to Federal Rule of Civil Procedure 56 (hereinafter referred to as MSJ), whether they are denominated as a motion for summary judgment or summary adjudication.

### A. <u>GENERAL REQUIREMENTS</u>

    **a.**  **Joint Brief.**  The parties shall work cooperatively to submit a single joint brief for all motions for summary judgment or adjudication (MSJs) brought by all moving parties. The joint brief shall organized by issue, presenting the parties' competing positions on an issue-by-issue basis. For each issue, the moving party shall present legal argument and citation to the Joint Appendix of Facts (JAF), *see infra*, followed immediately by the opposition's response that similarly must be supported by legal argument and citation to the JAF.

    **b.**  **Form.** Because summary judgment motions are fact-intensive, parties should prepare papers in a fashion that will assist the Court in considering the material (e.g., through use of tabs, tables of contents, headings, indices). The joint brief must cite to the JAF, *see infra*.

    **c.**  **Word Limit.** Each separately represented party shall be limited to 7,000 words, exclusive of tables of contents and authorities. Leave for additional briefing will be given only in extraordinary cases. Each party is limited to the use of a total of eight footnotes.

    **d.**  **Timing.** The Court expects the parties to agree to a filing schedule for an MSJ, which must be filed in compliance with the deadlines set forth in Paragraph 1(e). The parties should not wait until the last day to file; on the other hand, the filing of clearly premature motions requiring a continuance to permit discovery wastes resources.

    **e.**  **Briefing Schedule.** If multiple parties are moving for summary judgment, the parties should designate only one party as "the moving

party" for purposes of the briefing schedule.[2] The schedule for the joint brief shall be as follows:

i. <u>Meet and Confer</u>. For an MSJ to be timely filed, the moving party must arrange for an in-person meeting or videoconference to take place no later than 53 days before the motion hearing cutoff set forth in the case management order. The parties shall thoroughly discuss each issue to be raised and the law and evidence relevant to that issue. A thorough discussion serves a critical function: It often narrows the issues to be adjudicated, and it allows the parties to squarely and fully address the actual issues requiring resolution.

ii. <u>Moving Portion</u>. No later than seven days after the meet and confer, the moving party shall provide to the opposing party an electronic copy of the moving party's portion of the joint brief, together with the moving party's portion of the JAF and Joint Appendix of Evidence (JAE), *see infra*.

iii. <u>Opposition Portion</u>. No later than 14 days after receiving the moving party's papers, the opposing party shall provide to the moving party an electronic copy of the integrated motion, which shall include the opposing party's portion of the joint brief, JAF, and JAE. At this point, the opposing party should sign the joint brief, and include a Certificate of Compliance regarding its portions of the brief. *See* Local Rule 11-6.2.

---

[2] The Court expects the parties to work together professional and agree on which party should be designated the moving party. If the parties are unable to agree, the defendant shall be deemed the moving party. If different parties seek summary judgment on different issues, the parties may agree to modify the pre-filing deadlines in the briefing schedule without leave of Court if and only if (1) all parties agree to the modifications and (2) the summary judgment motion is timely filed under the case management order.

iv.  Filing of Joint Brief. After receiving the integrated version of the motion and related papers, the moving party shall finalize it for filing *without making any further revisions to the joint brief and appendices*, **except** to note in the JAF (in the format described in the instructions below) whether any facts added by the opposing party are disputed or undisputed. Once finalized, the moving party's counsel shall sign and electronically file the joint brief, JAF, and JAE no later than four days after receiving the opposing party's signed copy. The moving party should include a Certificate of Compliance regarding its portions of the joint brief. *See* Local Rule 11-6.2. The joint brief shall be accompanied by a Notice of Motion and Motion for Summary Judgment and shall be calendared pursuant to the Local Rules on an available date no later than the motion hearing cutoff in the case management order.

f.  **Supplemental Memoranda.** After the joint brief is filed, each party may separately file a supplemental memorandum of points and authorities, not exceeding 3,000 words, no later than 14 days before the scheduled hearing date. A supplemental brief must be accompanied by a Certificate of Compliance pursuant to Local Rule 11-6.2. The parties may not use this filing to supplement the JAF or the JAE in any way. No additional briefing or filing in support of or in opposition to the MSJ is permitted.

g.  **Multiple Motions.** No more than one joint motion may be filed under Fed. R. Civ. P. 56, whether brought as a motion for summary judgment or summary adjudication, without leave of Court. In the rare case in which leave of Court is sought, the parties shall file a joint noticed motion setting forth their respective positions on the existence of good cause for the filing of multiple motions.

## 2.  JOINT APPENDIX OF FACTS (JAF)

The joint brief shall be accompanied by a single statement of undisputed and disputed facts contained in a JAF presented in a table. This Court's requirements for the JAF supersede the requirements in Local Rules 56-1, 56-2, and 56-3 for a "Statement of Uncontroverted Facts," which the parties need not additionally file.

    a.   **Table Format.** The JAF table shall contain four columns.

        i.   <u>Column No. 1</u>. The first column shall contain the number of the fact alleged to be undisputed. All asserted undisputed facts shall be *sequentially numbered* and divided into sections according to the element of proof to which the facts relate.

        ii.   <u>Column No. 2</u>. The second column shall contain a plain statement of the fact.

         ■   Facts shall *not be compound* (e.g. Mike and Jane signed a contract, and Jane the contract in May 2017).

         ■   Each fact must be stated separately in its own row as shown below.

         ■   Neither legal arguments nor conclusions constitute facts.

         ■   Facts shall not be repeated if they relate to multiple claims for multiple elements of proof. The first reference to a fact in the JAF shall serve and–through incorporation by reference–can be cited to support all subsequent claims (e.g., "See JAF 1-5").

        iii.   <u>Column No. 3</u>. The third column shall contain a citation to admissible evidence that supports the proffered fact; the evidence cited must be included in the JAE.

        iv.   <u>Column No. 4</u>. The fourth column shall contain the opposing party's response to the fact alleged to be undisputed: (1) stating that the fact is undisputed or disputed, (2) briefly stating why the

opposing party disputes the fact, (3) citing with specificity the evidence that refutes the fact, and (4) explaining how the cited evidence refutes the fact; the evidence cited must be included in the JAE.

**b.** **Headers.** Where feasible, parties should use headers to group facts relevant to a particular issue. The table below illustrates the format that must be used.

| SUF No. | Fact | Supporting Evidence | Def.'s Response |
|---|---|---|---|
| **Issue No. 1** Plaintiff's Claim for Breach of Contract is Barred by the Statute of Limitations. | | | |
| 1. | Witness 1 and Witness 2 signed a contract for the sale and purchase of property. | Witness 3 Decl. ¶ 5, Ex 6. | Disputed. Witness 2 testified that the contract was for a lease, not a purchase. Witness 2 Depo. 29:4-8, Ex. 1. |
| 2. | Witness 2 mailed the contract in *May* 2017. | Witness 3 Decl. ¶ 8, Ex. 21. | Disputed in Part. Witness 2 testified she mailed the contract in January 2017 Witness 2 Depo. 3:4-6, Ex. 1. |

**c.** **Good-Faith Preparation.** The parties shall cooperate to prepare the JAF in good faith and otherwise will be subject to appropriate sanctions.

i.  The parties shall work cooperatively to identify a single set of facts alleged to be undisputed to avoid unnecessary duplication or confusion.

ii.  The parties shall provide only material facts, in a noncompound form, arranged according to their relevancy to a particular issue. Do not rotely "cut and paste" from the "Background" of the joint brief.

iii.   If a party disputes a fact in bad faith by offering evidence that does
not contradict the proffered fact or by failing to provide a specific
citation to the supporting evidence, the Court will deem the fact
undisputed for purposes of the motion. See Fed. R. Civ. P.
56(e)(2); L.R. 56-4.

iv.   If a party disputes a fact in part, the disputing party should state
"Disputed in Part," highlight the disputed part in bold italics, and
provide the specific evidentiary support for the dispute (see
example above). A party that lacks candor in failing to
acknowledge the limited extent of the dispute forces the Court to
expend needless resources discovering it itself.

v.   The JAF should be as narrow and concise as the issues on
summary judgment properly warrant. If the Court determines that
the JAF is unjustifiably long or unwieldy, the Court may strike the
JAF and require the parties to refile it (and any document citing it)
within two business days.

vi.   Deliberate gamesmanship designed to abuse the process may result
in an order to show cause (OSC) re sanctions against the abusive
party and/or counsel, including, if appropriate, terminating and/or
monetary sanctions. A party who is the subject of an OSC should
be prepared to justify each purportedly disputed fact at the hearing.
Abuses that may invite an OSC include but are not limited to the
following tactics:

- Stating a fact is undisputed when it clearly is not;

- Disputing a clearly undisputed fact in whole or part;

- Manufacturing a dispute by mischaracterizing evidence,
reframing the stated fact in order to dispute the fact as
reframing the stated fact in order to dispute the fact as
undisputed fact;

- Making legal argument in the JAF; and

- Introducing clearly irrelevant or immaterial facts for the obvious purpose of obfuscation.

### 3.   JOINT APPENDIX OF EVIDENCE (JAE)

The joint brief shall be accompanied by a JAE–i.e., a separate, tabbed appendix of all evidence in support of or opposition to the MSJ, including declarations, deposition excerpts, documents, photographs, etc. Physical evidence (e.g., video recordings) shall be lodged separately. No evidence should be attached to a memorandum of points and authorities or included anywhere other than in the JAE.

The JAE shall include a table of contents. The JAE shall be filed as a single, combined PDF; more than one PDF may be filed if file-size constraints preclude filing the JAE as a single PDF. In the event multiple PDFs are necessary to file the JAE, each file shall be titled by part and exhibit series (e.g., JAE Part 1, Exhibits 1-50). Each exhibit within the JAE must be bookmarked; the bookmark should include the exhibit number and a brief description of the exhibit (e.g., Ex. 1 - Jones Depo. Excerpts).

Declarations shall set out admissible facts without any argument, and evidence must be properly authenticated by stipulation, declaration, or otherwise. No party shall submit evidence other than the specific evidence necessary to support or controvert a proposed statement of undisputed fact. Do not, for example, submit the entire deposition transcripts or an entire set of interrogatory responses when relying on only a portion thereof.

When multiple parties wish to produce different excerpts of the transcript of the same deposition, the excerpts shall be combined into a single exhibit containing all pages to which either party cites.

### 4.   JOINT APPENDIX OF OBJECTIONS (JAO)

The parties shall prepare a Joint Appendix of Objections (JAO) containing any

evidentiary objections in a single, separate document presented in a three-column

table as follows:

| Objector | Evidence | Objection (O)/ Response(R) |
|----------|----------|---------------------------|
| Plaintiff | 1. "Witness 2 mailed the contract in May 2017." (Witness 1 Decl. ¶ 8.) | O: Lacks foundation.<br>R: Witness 1 saw Witness 2 mail it.<br>(Party 1 Decl. ¶ 8.) |

Failure to comply with this formatting requirement will result in a waiver

of the objections. Blanket or boilerplate objections will be overruled and

disregarded.

To allow both sides the opportunity to respond to the other's evidentiary

objections, the JAO is due after the joint brief, JAF, and JAE, as follows: The party

opposing summary judgment shall provide the moving party with any objections to

the moving party's evidence at the same time that it provides its portion of the joint

brief, the JAF, and the JAE. No later than seven days after receiving these

materials, the moving party shall provide to the opposing party its responses to the

opposing party's evidentiary objections, together with any objections to the

opposing party's evidence. Within seven days thereafter, the opposing party shall

add its responses to the moving party's objections (without making any other

changes) and file the JAO.

The parties' objections and responses in the JAO shall be brief and strictly

limited to the admissibility of the evidence. No substantive legal arguments will be

permitted. If an evidentiary dispute is dispositive of a claim or argument, it should

be addressed in the briefing on that claim or argument.

## 5.    FAILURE TO COMPLY

If it appears that the parties have not met and conferred in good faith, have not

worked to fully integrate the MSJ, or have otherwise failed to fully comply with

this Order, the MSJ may be stricken, and the parties may be required to repeat the

process. The deadline for hearing the MSJ will not be continued for failure to

1    comply with this Order, absent good cause. If it appears that one (or more) of the

2    parties is primarily responsible for the failure to properly file a compliant joint

3    brief, the primarily responsible party or parties shall be subject to appropriate

4    sanctions.

5

6    Dated:  June 16, 2025

7    *Cynthia Valenzuela*

     HON. CYNTHIA VALENZUELA
     UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28